NO. 07-06-0160-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



FEBRUARY 28, 2007



______________________________




CARL BURFORD, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 299TH DISTRICT COURT OF TRAVIS COUNTY;



NO. D-1-DC-05-301203; HONORABLE JON WISSER, JUDGE



_______________________________



Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Following a plea of not guilty, Appellant, Carl Burford, was convicted by a jury of
possession of a controlled substance, enhanced. The trial court assessed punishment at 
five years confinement. We affirm.


Anders Brief and Pro Se Response

 In presenting this appeal, Appellant's counsel has filed an Anders (1) brief in support
of a motion to withdraw. Counsel has also certified to this Court that he sent a copy of his
brief to Appellant and informed him that, in counsel's view, the appeal is without merit. 
Additionally, counsel informed Appellant of his right to review the record and file a pro se
response if he desired to do so. The Clerk of this Court also advised Appellant by letter of
his right to file a response to counsel's brief. 

 Appellant did file a pro se response asserting six points of error: (1) failure to submit
an article 38.23 instruction to the jury, (2) refusing to allow him to represent himself, (3)
ineffective assistance of counsel, (4) denial of the right of confrontation of witnesses, (5)
failure to suppress illegally seized evidence, and (6) prosecutorial misconduct. 

 The State filed a brief in which it agrees with counsel that no meritorious issues exist
and the appeal is therefore frivolous. We too have independently examined the entire
record to determine whether there are any non-frivolous grounds which might support the
appeal. See Penson v. Ohio, 488 U.S. 75 (1988); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Crim.App. 1991). After reviewing the record, counsel's brief, and appellant's pro se
response, we find no reversible error and agree with counsel that the appeal is wholly
frivolous. Accordingly, we do not address the merits of the issues raised by Appellant's pro
se response. Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005).

Background Facts

 Appellant was involved in a motorcycle accident. According to an emergency
medical technician dispatched to the scene, Appellant suffered a head injury and was
disoriented. He did not respond to questions and was combative when medical personnel
attempted to further evaluate him. He was restrained on a backboard and transported by
ambulance to the hospital for further examination. A police officer responded to the scene
of the accident and allowed emergency medical personnel to treat Appellant before
concluding his on-scene investigation. Per procedure and policy, the officer followed
Appellant to the hospital to obtain followup information necessary to complete his report. 

 A hospital technician testified that once Appellant was secured on a gurney, his
leather jacket was removed and the pockets were searched for purposes of identification
and inventory. During the search, a small black electronic scale, a baggie containing a
white powdery substance, and numerous small baggies were found. The technician
testified that hospital policy dictates that any suspected illegal substances be turned over
to the police. He placed the items in a bag and gave them to the police officer. 
Recognizing the powdery substance to be a controlled substance, the officer handcuffed
Appellant to the gurney while he was receiving medical treatment. After Appellant was
discharged from the hospital, he was arrested and transported to jail by another officer.

 Appellant testified that after the accident he blacked out briefly, but that when he
came to he was able to stand and did not want to go to the hospital. Emergency medical
personnel insisted he have his head wound treated. Appellant admitted during his
testimony that at the time of the accident he was in possession of more than four grams of
cocaine and that he was guilty of the charged offense. He testified the cocaine was not
located in his jacket, but was instead under his waistband in his underwear. He further
testified he never gave consent to have his clothing searched by law enforcement or
medical personnel.Applicable Law and Analysis of Counsel's Arguable Error 

 In support of his motion to withdraw, counsel certifies he has professionally
evaluated the record and, in his opinion, the record reflects no reversible error upon which
an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45 (1967); Monroe
v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes
the appeal is frivolous and without merit. 

 Consistent with his professional duty, counsel has candidly set forth a single
"arguable error" and has discussed why, under the controlling authorities, such error is
without merit and why there is no other potential error in the court's judgment. See High
v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Appellant's counsel proffers as an
arguable, albeit non-meritorious point of error, that the trial court erred in refusing to instruct
the jury pursuant to article 38.23 of the Texas Code of Criminal Procedure. A jury
instruction under article 38.23 is required only when there is a factual dispute about how
evidence was obtained. Garza v. State, 126 S.W.3d 79, 85 (Tex.Crim.App. 2004), citing,
Thomas v. State, 723 S.W.2d 696, 708 (Tex.Crim.App. 1986).

 The Anders brief notes that during the charge conference, defense counsel
requested a jury instruction per article 38.23, which the trial court refused. Counsel
surmises that Appellant's testimony that the cocaine was in his underwear and not in his
jacket could raise a fact issue concerning the legality of its discovery. The trial court,
however, ruled there was no controverted fact issue regarding the discovery of the cocaine
in Appellant's jacket pocket. The court explained that seizure of the cocaine by the medical
technician was a legal matter which had been resolved at a pretrial hearing. See generally
St. Clair v. State, 26 S.W.3d 89, 102 (Tex.App.-Waco 2000, pet. ref'd). We agree with
counsel's assessment that the point would have been non-meritorious because the trial
court did not err in refusing to instruct the jury pursuant to article 38.23 of the Texas Code
of Criminal Procedure. 

 Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the
trial court.

 Patrick A. Pirtle

 Justice


 


Do not publish.
1. Anders v. California, 386 U.S. 738 (1967).



 of a right secured by the constitution. He concludes this deprivation 
supports a claim under Title 42, Section 1983 of the United States Code. 

 Judges acting in their judicial capacity have immunity from liability and suit for
judicial acts performed within the scope of their jurisdiction. See Dallas County v. Halsey,
87 S.W.3d 552, 554 (Tex. 2002). This immunity extends to actions that are done in error,
maliciously, and even in excess of the judge's authority. See Stump v. Sparkman, 435
U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). It is overcome only for actions
that are: (1) nonjudicial, that is, not taken in the judge's official capacity; or (2) taken in the
complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12, 112 S.Ct. 286,
116 L.Ed.2d 9 (1991). Appellant's petition clearly alleges the judicial defendants were
acting in their judicial capacities. It does not allege they acted in the complete absence of
jurisdiction. Appellant did not address appellees' claims of immunity in the trial court or his
initial brief on appeal. In a reply brief, appellant argues judicial immunity does not apply
to claims for declaratory relief. Such an exception would be inapplicable here because the
only relief sought in appellant's petition was recovery of money damages. The trial court
did not abuse its discretion in finding the claims against district judges Blair Cherry and
Bradley Underwood, and magistrate judge David Hazlewood (4) lack an arguable basis in law
and dismissing the claims against those defendants. 

 Prosecuting attorneys also enjoy immunity when performing in their role as
prosecutors. Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).
Texas courts have followed federal courts and consistently held as a matter of law that
absolute immunity extends to quasi-judicial officers, including prosecutors performing such
typical prosecutorial functions as initiating criminal prosecution and presenting the State's
case. Oden v. Reader, 935 S.W.2d 470, 474-75 (Tex.App.--Tyler 1996, no pet.). Even
allegations a prosecutor's decisions were the result of bribes are insufficient to destroy
immunity. Clawson v. Wharton County, 941 S.W.2d 267, 271 (Tex.App.--Corpus Christi
1996, writ denied). The record supports a conclusion by the trial court that the Lubbock
County District Attorney was acting in a quasi-judicial capacity and is immune from
appellant's claims. The trial court did not abuse its discretion in dismissing the claims
against District Attorney William Sowder.

 Individuals acting in a legislative capacity are also immune from liability for their
legislative actions. In re Perry, 60 S.W.3d 857, 859 (Tex. 2001). Legislative immunity
applies to legislators at the federal, state, and local levels of government. Joe v. Two
Thirty Nine Joint Venture, 145 S.W.3d 150, 157 (Tex. 2004), citing Bogan v. Scott-Harris,
523 U.S. 44, 53, 118 S.Ct. 966, 140 L.Ed.2d 79 (1998). Commissioners court duties
include legislative, executive and judicial functions. Ector County v. Stringer, 843 S.W.2d
477, 478 (Tex. 1992). The adoption of a policy by a commissioner's court is legislative in
nature because it reflects a discretionary, policymaking decision of general application. 
See In re Perry, 60 S.W.3d at 860. Appellant's claims against the members of the
commissioners court arise from their performance of legislative functions and are barred
by those defendants' legislative immunity. The trial court did not abuse its discretion in
dismissing appellant's claims against the members of the commissioners' court. 

 To any extent appellant's naming the Lubbock County Commissioner's Court as a
defendant implicates Lubbock County, we note that the county is protected by sovereign
immunity as a subdivision of the state. Catalina Development, Inc. v. County of El Paso,
121 S.W.3d 704, 705 (Tex. 2003). Unless waived, sovereign immunity deprives a trial
court of subject matter jurisdiction. Texas Dept. of Parks & Wildlife v. Miranda, 133 S.W.3d
217, 224 (Tex. 2004). Appellant did not plead any waiver of sovereign immunity applicable
to the Lubbock County Commissioners Court and dismissal of his claims against that
defendant was proper.

 We find the trial court did not err in dismissing appellant's suit as frivolous pursuant
to section 14.003 of the Texas Civil Practice & Remedies Code. We overrule his second
issue. Appellant's remaining issues seek, in effect, declarations that the policies and
procedures used for appointment of counsel in criminal cases in Lubbock County deprived
him of a constitutional right. Such determinations would not affect the outcome of this
proceeding, and our addressing the issues would result merely in advisory opinions which
we may not issue. See Valley Baptist Medical Ctr. v. Gonzalez, 33 S.W.3d 821, 822 (Tex.
2000). See also Tex. R. App. P. 47.1 (opinion must address those issues necessary to
final disposition of the appeal). We affirm the trial court's order. 

 



 James T. Campbell

 Justice




1. The Lubbock County defendants include the Commissioners Court, its members
Kenny Maines, James Kitten, Gilbert Flores and Patti Jones, and Lubbock County District
Attorney William Sowder.
2. Tex. Civ. Prac. & Rem. Code Ann. Ch. 101 (Vernon 2005).
3. The record does not show whether the motion to dismiss was presented to the trial
court before its ruling.
4. See Tex. Gov't Code Ann. § 54.874 (Vernon 2005) (providing magistrate in
Lubbock County has the same immunity as a district judge.)