NUMBER 13-10-00076-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

ROBINSON MARTINEZ,                                                          
Appellant,

 

v.

 

THE STATE OF TEXAS,
HIDALGO COUNTY 

POLITICAL
SUBDIVISION, AGENT OF THE 

STATE AND/OR
GOVERNMENT UNIT, JOSEPH 

ORENDAIN AND RENE
GUERRA IN THEIR 

INDIVIDUAL AND/OR
OFFICIAL CAPACITY,                      Appellees.

                                                                                                                     
  

 

On appeal from the 92nd
District Court 

of Hidalgo County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Benavides 

Memorandum Opinion by
Justice Rodriguez

 

            In this pro se appeal, appellant Robinson
Martinez challenges the trial court's dismissal of his lawsuit against
appellees the County of Hidalgo, Rene Guerra, and Joseph Orendain.[1] 
By one issue, Martinez argues his due process rights were violated when the
trial court granted appellees' plea to the jurisdiction because Martinez did
not receive adequate notice of the plea and hearing on the plea.  We affirm.

I. 
Background

 

            In May 2009, Martinez filed suit against
appellees, bringing various causes of action in connection with the alleged
breach of a plea bargain agreement between Martinez and Orendain, a Hidalgo
County prosecutor.  Martinez alleged that, in exchange for his guilty plea to a
manslaughter charge, Orendain agreed, in relevant part, that Martinez would be
sentenced to ten years' incarceration and that Martinez would receive
"back time jail credit from time of arrest and/or detainer." 
Martinez alleged that Orendain reneged on the agreement by filing "a
motion in court Denying Plaintiff jail credit."[2]

Martinez then alleged the following
causes of action against Orendain:  (1) breach of contract; (2) fraud; (3)
violation of due process under the Fourteenth Amendment, see U.S. Const. amend XIV; (4) violation of
article 42.03, section 2 of the code of criminal procedure, see Tex. Code Crim. Proc. Ann. art. 42.03,
§ 2 (Vernon Supp. 2010) (providing that trial judge "shall give the
defendant credit on the defendant's sentence for the time that the defendant
has spent . . . in jail for the case . . . from the time of his arrest and
confinement until his sentence by the trial"); and (5) violation of
section 104.002 of the civil practices and remedies code.  See Tex. Civ. Prac. & Rem. Code Ann. §
104.002 (Vernon 2005) (providing that the State is responsible for damages
related to the conduct of a public servant if "the damages arise out of a
cause of action for deprivation of a right, privilege, or immunity secured by
the constitution or laws of this state or the United States").[3] 
Against Hidalgo County, Martinez alleged the following cause of action: 
"failure to[] properly[] instruct, supervise, control, and
discipline[]" Orendain.  Against Guerra, the Hidalgo County District Attorney,
Martinez alleged a cause of action of "supervisor liability" in
connection with the actions of Orendain.[4]

On October 21, 2009, Martinez filed a
letter with the trial court stating that his address had changed because he had
been transferred to the Texas Department of Criminal Justice's Telford Unit in
New Boston, Texas, and asking the court to "forward all correspondence to
[his] new address and notify [him] of any response since the time [he's] been
in tran[sit] so that [he] can respond back."  Martinez did not serve this
change of address letter on appellees; instead, he asked the trial court
"to also notify the parties in interest."  

On October 30, 2009, appellees filed a
plea to the jurisdiction and motion to dismiss Martinez's suit, arguing that
the trial court lacked jurisdiction over all of Martinez's causes of action
because Martinez's claims:  were barred by governmental immunity; were barred
by official, prosecutorial, and/or qualified immunity; and/or failed to state a
legally cognizable cause of action.  Appellees served their plea and motion on
Martinez at his old unit in Cotulla, Texas.  On November 4, 2009, the trial
court set the plea and motion for hearing on November 10, 2009; the court sent
the hearing notice to Martinez's old unit in Cotulla, as well.  The trial court
held the hearing, at which appellees presented argument, and granted appellees'
plea to the jurisdiction and motion to dismiss on November 16, 2009.  The order
granting the plea and motion stated that "[t]his judgment is final,
disposes of all claims and all parties and is appealable."[5] 
Martinez claims that he did not receive his copy of the plea and motion or the
hearing-setting notice until November 27, 2009.  This appeal followed.

II. 
Discussion

 

            By one issue, Martinez argues that the trial
court violated his due process rights by granting appellees' plea to the
jurisdiction and dismissing Martinez's claims because he had no notice of the
plea and motion to dismiss or the hearing on those pleadings.  Even if we
assume that the trial court failed to give Martinez proper notice, however, we
still conclude that Martinez's due process rights were not violated because his
petition wholly failed to invoke the jurisdiction of the court.     

Whether a trial court has subject-matter
jurisdiction is a threshold inquiry that can be addressed by the court sua
sponte and at any time.  See In re G.S.G., 145 S.W.3d 351, 353 (Tex.
App.–Houston [14th Dist.] 2004, no pet.) (citing Tex. Ass'n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993)); see also Skylane West
Ltd. v. Harris County Appraisal Dist., No. 14-08-00507-CV, 2009 WL 4913256,
at *5 n.4 (Tex. App.–Houston [14th Dist.] Dec. 22, 2009, no pet.) (mem. op.)
(noting that a trial court can "consider lack of subject-matter
jurisdiction, even sua sponte, at any time").  In fact, a trial court can
make this inquiry and dismiss a case for lack of subject-matter jurisdiction
without the involvement of the parties.  See Webb v. Voga, 316 S.W.3d
809, 812 (Tex. App.–Dallas 2010, no pet.) (holding that a court must ascertain
subject-matter jurisdiction even if the parties have not questioned it); see
also Skylane, 2009 WL 4913256, at *5 n.4 (noting that the trial court
properly granted a plea to the jurisdiction before one of the plaintiffs was
even added to the case because the trial court was entitled to consider
subject-matter jurisdiction sua sponte and at any time).  As a result, we
believe it is irrelevant if a plaintiff does not have notice of a plea to the
jurisdiction or hearing on that plea when notice would not alter the
circumstance of the plea— i.e., that the plaintiff failed to allege facts and
causes of action conferring jurisdiction on the court.  See Link v. Wabash
R.R. Co., 370 U.S. 626, 632 (1962) (holding that not "every order
entered without notice" and a hearing necessarily offends due process and
that "[t]he adequacy of notice and hearing . . . turns, to a considerable
extent, on the knowledge" a party may have "of the consequences of
his own conduct"); see also Kimmel v. Cooper, No. 03-01-00333-CV,
2002 WL 246425, at *2 (Tex. App.–Austin Feb. 22, 2002, no pet.) (mem. op., not
designated for publication) (holding that a plaintiff's due process rights were
not violated by the trial court's granting of a plea to the jurisdiction
without giving the plaintiff notice of the hearing because a hearing would not
have changed the fact that the plaintiff's pleadings failed to allege facts
waiving immunity).  Thus, the relevant inquiry for this Court is whether the
trial court had jurisdiction over Martinez's claims against appellees and, accordingly,
whether the plea to the jurisdiction had merit.

A. 
Claim Against Hidalgo County:  Governmental Immunity

            Martinez brought a cause of action against
Hidalgo County for its alleged "failure to[] properly[] instruct,
supervise, control, and discipline[]" Orendain.  However, a governmental
entity—here, Hidalgo County—is immune from suit unless that immunity is waived,
and absent that waiver, a trial court is deprived of subject-matter
jurisdiction.  See Tex. Dep't of Parks & Wildlife v. Miranda, 133
S.W.3d 217, 224 (Tex. 2004).  "'[T]he waiver of governmental immunity is a
matter addressed to the Legislature.'"  City of LaPorte v. Barfield,
898 S.W.2d 288, 291 (Tex. 1995) (quoting Guillory v. Port of Houston Auth.,
845 S.W.2d 812, 813 (Tex. 1993)).  And the Legislature must waive governmental
immunity by clear and unambiguous language.  Id.  We must therefore
determine whether the Legislature has by clear and unambiguous language waived
immunity for the failure-to-supervise claim made in this case against Hidalgo
County.  

In his pleadings, Martinez identifies no
such waiver of immunity in the statutes of this State.  See Tex.
Dep't of Transp. v. Ramirez, 74 S.W.3d 864, 867 (Tex. 2002) (holding that a
plaintiff bears the burden of alleging facts which affirmatively demonstrate
the trial court's jurisdiction); Tex. Parks & Wildlife Dep't v. Morris,
129 S.W.3d 804, 807 (Tex. App.–Corpus Christi 2004, no pet.) (same).  And in
our research, we have likewise found no waiver of immunity for the sort of
failure-to-supervise claim alleged by Martinez.[6] 
Thus, Martinez's petition affirmatively negates jurisdiction over his claim
against Hidalgo County, and we cannot conclude that the trial court erred in
granting the plea to the jurisdiction as to Hidalgo County without giving
Martinez an opportunity to amend.  See County of Cameron v. Brown, 80
S.W.3d 549, 555 (Tex. 2002) (holding that a plea to the jurisdiction may be
granted without allowing the plaintiff to amend the pleading if the pleading
affirmatively negates the existence of jurisdiction); Ramirez, 74 S.W.3d
at 867 (same).

B. 
Claims against Orendain and Guerra:  Absolute Prosecutorial Immunity

            "[G]overnment officials or actors have
absolute immunity when the complained[-] of activities were intimately
associated with the judicial phase of the criminal process."  Clawson
v. Wharton County, 941 S.W.2d 267, 271 (Tex. App.–Corpus Christi 1996, writ
denied).  "'The duties of the prosecutor in his role as advocate for the
State involve actions preliminary to the initiation of a prosecution and
actions apart from the courtroom.'"  Id. at 272 (quoting Imbler
v. Pachtman, 424 U.S. 409, 431 n.33 (1976)).  Thus, those acts that are
undertaken by the prosecutor in preparing for the initiation of judicial
proceedings or for trial and which occur in the course of his or her role as an
advocate for the State are entitled to the protections of absolute immunity.  Id. 
A defendant properly raises absolute immunity in a plea to the jurisdiction.  See
Salazar v. Morales, 900 S.W.2d 929, 934 (Tex. App.–Austin 1995, no writ)
(affirming trial court's granting of defendant's plea to the jurisdiction based
on absolute immunity); see also Warren v. McClennan County Judiciary,
No. 10-09-00274-CV, 2010 WL 2869817, at *3 (Tex. App.–Waco July 14, 2010, no
pet.) (mem. op.) (same).

Martinez alleged various causes of
action against Orendain and Guerra in their official and individual capacities,
but all of the claims were based on decisions made by Orendain and Guerra
during the plea bargaining process of their criminal prosecution of Martinez
for manslaughter.  All of the claims were based on the same nucleus of
facts—that Orendain allegedly reneged on his plea agreement with Martinez
regarding the jail credit Martinez would receive toward his sentence.  Thus,
all of Martinez's claims flow from Orendain and Guerra's roles as the State's
advocates during the criminal prosecution.  See Clawson, 941 S.W.2d at
272.  It is irrelevant whether the claims were brought against Orendain and
Guerra in their official or individual capacities.  See id. at 273
("[A]bsolute immunity [is] effective against all claims regardless of
whether they are lodged against the individual possessing it in his official or
personal capacity.").  As prosecutors, both Orendain and Guerra had
absolute immunity from suit arising out of such a situation.  Martinez's
petition therefore affirmatively negates jurisdiction over the claims related
to the plea bargain.  See County of Cameron, 80 S.W.3d at 555.  The
trial court did not err in denying appellees' plea to the jurisdiction in this
regard.  See Salazar, 900 S.W.2d at 934.

III. 
Conclusion

 

In sum, because all of Martinez's claims
were barred by governmental and prosecutorial immunity, we conclude the trial
court did not have jurisdiction and appellees' plea was therefore meritorious. 
No amendments or further pleading could have cured the jurisdictional defects. 
See County of Cameron, 80 S.W.3d at 555.  As such, it is
irrelevant that Martinez did not receive appellees' plea to the jurisdiction
and motion to dismiss or notice of the hearing on those pleadings until after
the trial court issued its ruling and dismissed the case; because the plea to
the jurisdiction had merit, the granting of the plea did not deprive him of due
process.  See Link, 370 U.S. at 632; see also Kimmell, 2002 WL
246425, at *2.  Martinez's issue is overruled.  We affirm the trial court's
judgment dismissing Martinez's case for lack of jurisdiction.            

 

 

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

Delivered
and filed the 

10th
day of March, 2011.









[1]
The full style for appellees is as follows:  The State of Texas, Hidalgo County
Political Subdivision, Agent of the State and/or Government Unit, Joseph
Orendain and Rene Guerra in their Individual and/or Official Capacity.





[2]
Neither the plea bargain agreement nor the motion allegedly filed by Orendain
appear in the record.





[3]
Martinez also stated a cause of action titled "Negligence" against
Orendain, but the allegations under that title involved "acts . . . done
inten[tionally] and knowingly" and breach of contract.  This cause of
action involved nothing in addition to the intentional tort (fraud) and breach
of contract action already alleged by Martinez, and we therefore will not
consider it as a properly pled cause of action for negligence.

            In his petition,
Martinez alleged his fraud claim against Orendain in Orendain's individual
capacity.  The remainder of Martinez's claims were brought against Orendain in
Orendain's official capacity.





[4]
Martinez alleged his claim against Guerra in Guerra's individual capacity.





[5]
After the trial court's dismissal of the case, Martinez filed a "Motion
for Reinstatement and Request for Hearing" under Texas Rule of Civil
Procedure 165a(3).  The record reflects that the trial court took no action on
Martinez's motion, and it was therefore overruled by operation of law.  See
Tex. R. Civ. P. 165a(3).  By a
second issue, Martinez argues that the trial court erred in denying his motion
to reinstate.  However, rule 165a governs only dismissals for want of
prosecution, whereas the dismissal here was based on lack of subject-matter
jurisdiction.  See generally Tex.
R. Civ. P. 165a.  Because a motion to reinstate under rule 165a was
unavailable to Martinez under the ruling in this case, the trial did not err in
denying it.  Martinez's second issue is overruled.





[6]
Martinez does not bring suit against Hidalgo County under the Texas Torts Claim
Act (TTCA) or otherwise allege negligence against Hidalgo County in its failure
to supervise Orendain.  However, if we were to liberally construe Martinez's
allegations as such, Texas courts uniformly hold that a plaintiff's allegations
that a government employer negligently failed to supervise an employee do not
waive immunity under the TTCA because such allegations do not fall within the
limited scope of the TTCA's waiver provision.  See Tex. Civ. Prac. & Rem. Code Ann. §
101.021 (Vernon 2005) (waiving immunity from suit to the extent of liability
for personal injury or death caused by a governmental employee's negligent use
of a motor-driven vehicle or motor-driven equipment; the condition or use of
real property; or the condition or use of tangible personal property); see,
e.g., Univ. of Tex. M.D. Anderson Cancer Ctr. v. King, No.
14-10-00282, 2010 WL 4950546, at *3 (Tex. App.–Houston [14th Dist.] Dec. 7,
2010, no pet.) (holding that there is no waiver of immunity under the TTCA for
injuries proximately caused by, among other things, the negligent failure to
supervise); Eastland County Coop. Dispatch v. Poyner, 64 S.W.3d 182, 198
(Tex. App.–Eastland 2001, pet. denied) (holding that the sheriff and police
chief's failure to train, supervise, and perform background checks did not
implicate the use of tangible personal or real property, for purposes of waiver
of sovereign immunity under the TTCA); Brown v. Montgomery County Hosp.
Dist., 905 S.W.2d 481, 484 (Tex. App.–Beaumont 1995, no writ) (holding that
the plaintiff's allegations of the hospital's negligent failure to supervise a
treating physician did not come within any of the categories in which
governmental immunity is waived under the TTCA).