

# NUMBER 13-10-00076-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ROBINSON MARTINEZ,                                                          Appellant,

v.

THE STATE OF TEXAS, HIDALGO COUNTY
POLITICAL SUBDIVISION, AGENT OF THE
STATE AND/OR GOVERNMENT UNIT, JOSEPH
ORENDAIN AND RENE GUERRA IN THEIR
INDIVIDUAL AND/OR OFFICIAL CAPACITY,                                        Appellees.

## On appeal from the 92nd District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Rodriguez and Benavides
## Memorandum Opinion by Justice Rodriguez

In this pro se appeal, appellant Robinson Martinez challenges the trial court's

dismissal of his lawsuit against appellees the County of Hidalgo, Rene Guerra, and

Joseph Orendain.[1]  By one issue, Martinez argues his due process rights were violated when the trial court granted appellees' plea to the jurisdiction because Martinez did not receive adequate notice of the plea and hearing on the plea.   We affirm.

## I. BACKGROUND

In May 2009, Martinez filed suit against appellees, bringing various causes of action in connection with the alleged breach of a plea bargain agreement between Martinez and Orendain, a Hidalgo County prosecutor.   Martinez alleged that, in exchange for his guilty plea to a manslaughter charge, Orendain agreed, in relevant part, that Martinez would be sentenced to ten years' incarceration and that Martinez would receive "back time jail credit from time of arrest and/or detainer."   Martinez alleged that Orendain reneged on the agreement by filing "a motion in court Denying Plaintiff jail credit."[2]

Martinez then alleged the following causes of action against Orendain:   (1) breach of contract; (2) fraud; (3) violation of due process under the Fourteenth Amendment, *see* U.S. CONST. amend XIV; (4) violation of article 42.03, section 2 of the code of criminal procedure, *see* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2 (Vernon Supp. 2010) (providing that trial judge "shall give the defendant credit on the defendant's sentence for the time that the defendant has spent . . . in jail for the case . . . from the time of his arrest and confinement until his sentence by the trial"); and (5) violation of section 104.002 of

---

[1] The full style for appellees is as follows:  The State of Texas, Hidalgo County Political Subdivision, Agent of the State and/or Government Unit, Joseph Orendain and Rene Guerra in their Individual and/or Official Capacity.

[2] Neither the plea bargain agreement nor the motion allegedly filed by Orendain appear in the record.

the civil practices and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 104.002 (Vernon 2005) (providing that the State is responsible for damages related to the conduct of a public servant if "the damages arise out of a cause of action for deprivation of a right, privilege, or immunity secured by the constitution or laws of this state or the United States").[3]  Against Hidalgo County, Martinez alleged the following cause of action: "failure to[] properly[] instruct, supervise, control, and discipline[]" Orendain.  Against Guerra, the Hidalgo County District Attorney, Martinez alleged a cause of action of "supervisor liability" in connection with the actions of Orendain.[4]

On October 21, 2009, Martinez filed a letter with the trial court stating that his address had changed because he had been transferred to the Texas Department of Criminal Justice's Telford Unit in New Boston, Texas, and asking the court to "forward all correspondence to [his] new address and notify [him] of any response since the time [he's] been in tran[sit] so that [he] can respond back."  Martinez did not serve this change of address letter on appellees; instead, he asked the trial court "to also notify the parties in interest."

On October 30, 2009, appellees filed a plea to the jurisdiction and motion to dismiss Martinez's suit, arguing that the trial court lacked jurisdiction over all of Martinez's causes of action because Martinez's claims:  were barred by governmental immunity;

---

[3] Martinez also stated a cause of action titled "Negligence" against Orendain, but the allegations under that title involved "acts . . . done inten[tionally] and knowingly" and breach of contract.  This cause of action involved nothing in addition to the intentional tort (fraud) and breach of contract action already alleged by Martinez, and we therefore will not consider it as a properly pled cause of action for negligence.

In his petition, Martinez alleged his fraud claim against Orendain in Orendain's individual capacity. The remainder of Martinez's claims were brought against Orendain in Orendain's official capacity.

[4] Martinez alleged his claim against Guerra in Guerra's individual capacity.

3

were barred by official, prosecutorial, and/or qualified immunity; and/or failed to state a legally cognizable cause of action. Appellees served their plea and motion on Martinez at his old unit in Cotulla, Texas. On November 4, 2009, the trial court set the plea and motion for hearing on November 10, 2009; the court sent the hearing notice to Martinez's old unit in Cotulla, as well. The trial court held the hearing, at which appellees presented argument, and granted appellees' plea to the jurisdiction and motion to dismiss on November 16, 2009. The order granting the plea and motion stated that "[t]his judgment is final, disposes of all claims and all parties and is appealable."[5] Martinez claims that he did not receive his copy of the plea and motion or the hearing-setting notice until November 27, 2009. This appeal followed.

## II.  DISCUSSION

By one issue, Martinez argues that the trial court violated his due process rights by granting appellees' plea to the jurisdiction and dismissing Martinez's claims because he had no notice of the plea and motion to dismiss or the hearing on those pleadings. Even if we assume that the trial court failed to give Martinez proper notice, however, we still conclude that Martinez's due process rights were not violated because his petition wholly failed to invoke the jurisdiction of the court.

Whether a trial court has subject-matter jurisdiction is a threshold inquiry that can be addressed by the court sua sponte and at any time. *See In re G.S.G.*, 145 S.W.3d

---

[5] After the trial court's dismissal of the case, Martinez filed a "Motion for Reinstatement and Request for Hearing" under Texas Rule of Civil Procedure 165a(3). The record reflects that the trial court took no action on Martinez's motion, and it was therefore overruled by operation of law. *See* TEX. R. CIV. P. 165a(3). By a second issue, Martinez argues that the trial court erred in denying his motion to reinstate. However, rule 165a governs only dismissals for want of prosecution, whereas the dismissal here was based on lack of subject-matter jurisdiction. *See generally* TEX. R. CIV. P. 165a. Because a motion to reinstate under rule 165a was unavailable to Martinez under the ruling in this case, the trial did not err in denying it. Martinez's second issue is overruled.

4

351, 353 (Tex. App.–Houston [14th Dist.] 2004, no pet.) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993)); *see also Skylane West Ltd. v. Harris County Appraisal Dist.*, No. 14-08-00507-CV, 2009 WL 4913256, at *5 n.4 (Tex. App.–Houston [14th Dist.] Dec. 22, 2009, no pet.) (mem. op.) (noting that a trial court can "consider lack of subject-matter jurisdiction, even sua sponte, at any time"). In fact, a trial court can make this inquiry and dismiss a case for lack of subject-matter jurisdiction without the involvement of the parties. *See Webb v. Voga*, 316 S.W.3d 809, 812 (Tex. App.–Dallas 2010, no pet.) (holding that a court must ascertain subject-matter jurisdiction even if the parties have not questioned it); *see also Skylane*, 2009 WL 4913256, at *5 n.4 (noting that the trial court properly granted a plea to the jurisdiction before one of the plaintiffs was even added to the case because the trial court was entitled to consider subject-matter jurisdiction sua sponte and at any time). As a result, we believe it is irrelevant if a plaintiff does not have notice of a plea to the jurisdiction or hearing on that plea when notice would not alter the circumstance of the plea— i.e., that the plaintiff failed to allege facts and causes of action conferring jurisdiction on the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962) (holding that not "every order entered without notice" and a hearing necessarily offends due process and that "[t]he adequacy of notice and hearing . . . turns, to a considerable extent, on the knowledge" a party may have "of the consequences of his own conduct"); *see also Kimmel v. Cooper*, No. 03-01-00333-CV, 2002 WL 246425, at *2 (Tex. App.–Austin Feb. 22, 2002, no pet.) (mem. op., not designated for publication) (holding that a plaintiff's due process rights were not violated by the trial court's granting of a plea to the jurisdiction without giving the

plaintiff notice of the hearing because a hearing would not have changed the fact that the plaintiff's pleadings failed to allege facts waiving immunity).   Thus, the relevant inquiry for this Court is whether the trial court had jurisdiction over Martinez's claims against appellees and, accordingly, whether the plea to the jurisdiction had merit.

### A.  Claim Against Hidalgo County:   Governmental Immunity

Martinez brought a cause of action against Hidalgo County for its alleged "failure to[] properly[] instruct, supervise, control, and discipline[]" Orendain.   However, a governmental entity—here, Hidalgo County—is immune from suit unless that immunity is waived, and absent that waiver, a trial court is deprived of subject-matter jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004).   "'[T]he waiver of governmental immunity is a matter addressed to the Legislature.'"  *City of LaPorte v. Barfield*, 898 S.W.2d 288, 291 (Tex. 1995) (quoting *Guillory v. Port of Houston Auth.*, 845 S.W.2d 812, 813 (Tex. 1993)).   And the Legislature must waive governmental immunity by clear and unambiguous language.   *Id.*   We must therefore determine whether the Legislature has by clear and unambiguous language waived immunity for the failure-to-supervise claim made in this case against Hidalgo County.

In his pleadings, Martinez identifies no such waiver of immunity in the statutes of this State.   *See Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002) (holding that a plaintiff bears the burden of alleging facts which affirmatively demonstrate the trial court's jurisdiction); *Tex. Parks & Wildlife Dep't v. Morris*, 129 S.W.3d 804, 807 (Tex. App.–Corpus Christi 2004, no pet.) (same).   And in our research, we have likewise

6

found no waiver of immunity for the sort of failure-to-supervise claim alleged by Martinez.[6]

Thus, Martinez's petition affirmatively negates jurisdiction over his claim against Hidalgo County, and we cannot conclude that the trial court erred in granting the plea to the jurisdiction as to Hidalgo County without giving Martinez an opportunity to amend. *See County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002) (holding that a plea to the jurisdiction may be granted without allowing the plaintiff to amend the pleading if the pleading affirmatively negates the existence of jurisdiction); *Ramirez*, 74 S.W.3d at 867 (same).

**B.  Claims against Orendain and Guerra:  Absolute Prosecutorial Immunity**

"[G]overnment officials or actors have absolute immunity when the complained[-]of activities were intimately associated with the judicial phase of the criminal process." *Clawson v. Wharton County*, 941 S.W.2d 267, 271 (Tex. App.–Corpus Christi 1996, writ denied).  "'The duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the

---

[6] Martinez does not bring suit against Hidalgo County under the Texas Torts Claim Act (TTCA) or otherwise allege negligence against Hidalgo County in its failure to supervise Orendain.  However, if we were to liberally construe Martinez's allegations as such, Texas courts uniformly hold that a plaintiff's allegations that a government employer negligently failed to supervise an employee do not waive immunity under the TTCA because such allegations do not fall within the limited scope of the TTCA's waiver provision.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (Vernon 2005) (waiving immunity from suit to the extent of liability for personal injury or death caused by a governmental employee's negligent use of a motor-driven vehicle or motor-driven equipment; the condition or use of real property; or the condition or use of tangible personal property); *see, e.g.*, *Univ. of Tex. M.D. Anderson Cancer Ctr. v. King*, No. 14-10-00282, 2010 WL 4950546, at *3 (Tex. App.–Houston [14th Dist.] Dec. 7, 2010, no pet.) (holding that there is no waiver of immunity under the TTCA for injuries proximately caused by, among other things, the negligent failure to supervise); *Eastland County Coop. Dispatch v. Poyner*, 64 S.W.3d 182, 198 (Tex. App.–Eastland 2001, pet. denied) (holding that the sheriff and police chief's failure to train, supervise, and perform background checks did not implicate the use of tangible personal or real property, for purposes of waiver of sovereign immunity under the TTCA); *Brown v. Montgomery County Hosp. Dist.*, 905 S.W.2d 481, 484 (Tex. App.–Beaumont 1995, no writ) (holding that the plaintiff's allegations of the hospital's negligent failure to supervise a treating physician did not come within any of the categories in which governmental immunity is waived under the TTCA).

courtroom.'" *Id.* at 272 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 n.33 (1976)). Thus, those acts that are undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial and which occur in the course of his or her role as an advocate for the State are entitled to the protections of absolute immunity. *Id.* A defendant properly raises absolute immunity in a plea to the jurisdiction. *See Salazar v. Morales*, 900 S.W.2d 929, 934 (Tex. App.–Austin 1995, no writ) (affirming trial court's granting of defendant's plea to the jurisdiction based on absolute immunity); *see also Warren v. McClennan County Judiciary*, No. 10-09-00274-CV, 2010 WL 2869817, at *3 (Tex. App.–Waco July 14, 2010, no pet.) (mem. op.) (same).

Martinez alleged various causes of action against Orendain and Guerra in their official and individual capacities, but all of the claims were based on decisions made by Orendain and Guerra during the plea bargaining process of their criminal prosecution of Martinez for manslaughter. All of the claims were based on the same nucleus of facts—that Orendain allegedly reneged on his plea agreement with Martinez regarding the jail credit Martinez would receive toward his sentence. Thus, all of Martinez's claims flow from Orendain and Guerra's roles as the State's advocates during the criminal prosecution. *See Clawson*, 941 S.W.2d at 272. It is irrelevant whether the claims were brought against Orendain and Guerra in their official or individual capacities. *See id.* at 273 ("[A]bsolute immunity [is] effective against all claims regardless of whether they are lodged against the individual possessing it in his official or personal capacity."). As prosecutors, both Orendain and Guerra had absolute immunity from suit arising out of such a situation. Martinez's petition therefore affirmatively negates jurisdiction over the

claims related to the plea bargain. *See County of Cameron*, 80 S.W.3d at 555. The trial court did not err in denying appellees' plea to the jurisdiction in this regard. *See Salazar*, 900 S.W.2d at 934.

## III. CONCLUSION

In sum, because all of Martinez's claims were barred by governmental and prosecutorial immunity, we conclude the trial court did not have jurisdiction and appellees' plea was therefore meritorious. No amendments or further pleading could have cured the jurisdictional defects. *See County of Cameron*, 80 S.W.3d at 555. As such, it is irrelevant that Martinez did not receive appellees' plea to the jurisdiction and motion to dismiss or notice of the hearing on those pleadings until after the trial court issued its ruling and dismissed the case; because the plea to the jurisdiction had merit, the granting of the plea did not deprive him of due process. *See Link*, 370 U.S. at 632; *see also Kimmell*, 2002 WL 246425, at *2. Martinez's issue is overruled. We affirm the trial court's judgment dismissing Martinez's case for lack of jurisdiction.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
10th day of March, 2011.

9