James CLAWSON, Individually,
et al., Appellants,

v.

WHARTON COUNTY, Texas, David
Gaiten, Scott Cline, Appellees.

Charles A. CHAMBERS, and Jeanne Chambers, Individually and as Independent Administrators of the Estate of Melissa Jeanne Chambers, Deceased, Appellants,

v.

WHARTON COUNTY, Texas, David
Gaiten, Scott Cline, Appellees.

Nos. 13–95–242–CV, 13–95–498–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 19, 1996.

Rehearing Overruled Jan. 16, 1997.

Alton C. Todd, Todd & Hagood, Otto D. Hewitt, III, Hewitt Law Firm, Alvin, for appellants.

Mary Bambace, Richard B. Graves, III, Beirne, Maynard & Parsons, John J. Hightower, Olson & Olson, Houston, Richard L. Manske, Manske & Manske, El Campo, William S. Helfand, Lisa Bingham, Hirsch, Robinson, Sheiness & Glover, Houston, for appellees.

Before DORSEY, CHAVEZ and RODRIGUEZ JJ.

## OPINION

RODRIGUEZ, Justice.

These are two legally-identical governmental liability cases in which the claimants sought damages against a county and two of its public officials for their alleged failure to use the criminal justice system to keep drunk drivers off the highway. In each case, the trial courts granted summary judgments for the defendants. Since both cases address the same legal issue and both appellants assert essentially the same points of error, we consolidate the appeals into a single opinion. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Charles A. Chambers, et al., and James Clawson, et al., plaintiffs in two separately filed cases, sued Wharton County, the Wharton County Attorney, and the Wharton County Investigator on behalf of the estates of persons killed by two drunk drivers in Wharton County. In each case, a different driver with a history of *arrests* (not convictions) for drunk driving in Wharton County killed one or more motorists in the course of driving while intoxicated. Plaintiffs claimed that the defendants were responsible for the deaths because they allowed the drunk drivers to remain on the streets without prosecution for prior offenses. Both suits assert that Cline, the county attorney, and Gaitan, the county investigator, conspired and schemed to accept bribes for the non-prosecution of criminal charges and that Wharton County permitted them to do so. In that regard, they sought damages for violations of the Texas Tort Claims Act,[1] Article I, section 19 of the Texas Constitution,[2] breach of good faith, and negligent implementation of the county's DWI policy (asserted in the Clawson suit).

In the Clawson suit, the defendants moved for summary judgment by asserting absolute prosecutorial immunity, qualified "good faith" immunity, and sovereign immunity. They also contended that plaintiffs' constitutional claims were barred as a matter of law, and that their breach of good faith claim, in addition to being barred by immunity, could not be brought without the existence of a

---

1. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 et seq. (Vernon 1986).

2. TEX. CONST. art. I, § 9 provides:

No citizen of this state shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.

special contractual relationship. In the subsequent Chambers suit, defendants also asserted absolute immunity, sovereign immunity, and no constitutional cause of action, but abandoned the qualified immunity defense. This motion further included a limitations defense and a challenge to proximate cause.

Appellants now claim an abuse of discretion in the entry of summary judgment because (1) the trial courts misapplied the summary judgment rules and standards, (2) the defendants' summary judgment motions did not specifically address all of the plaintiffs' claims, (3) the defendants failed to carry their summary judgment burden, and (4) there were genuine issues of material fact present to bar summary judgment. Appellants in both cases also assert that the trial courts erred in failing to continue the respective summary judgment hearings until further discovery could be conducted.

## STANDARD OF REVIEW

Summary judgment is proper when the movant shows by uncontroverted or conclusive summary judgment evidence that *no issue of material fact* exists and that he is entitled to judgment as a matter of law. In deciding whether a disputed material fact issue precludes summary judgment, a reviewing court will take as true all evidence favorable to the non-movant and will indulge all reasonable inferences and resolve all doubts in the non-movant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

Here, the defendants moved for summary judgment by asserting the affirmative defenses of absolute immunity and sovereign immunity, in addition to challenging the viability of plaintiffs' constitutional tort claims. A properly pleaded affirmative defense, supported by uncontroverted summary judgment evidence, may serve as the basis for a summary judgment. *Roark v. Stallworth Oil & Gas, Inc.,* 813 S.W.2d 492, 494 (Tex.1991). When a defendant moves for summary judgment on its affirmative defenses, it must conclusively prove all the essential elements of its defenses as a matter of law, leaving no issues of material fact. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984),

*City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979).

■ When a movant asserts multiple grounds for summary judgment, and the order does not state the theory upon which the trial court based its judgment, as is the case here, the non-movant must show on appeal the failure of at least one element of each theory asserted. *See Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). Otherwise, we affirm the summary judgment if any one of the theories advanced is meritorious. *Martinez v. Corpus Christi Area Teachers Credit Union,* 758 S.W.2d 946, 950 (Tex.App.—Corpus Christi 1988, writ denied).

## DISCUSSION

A review of the record reveals that (1) Wharton County conclusively proved its sovereign immunity, (2) Cline and Gaitan conclusively proved their absolute immunity, (3) the trial courts complied with the rules of procedure concerning summary judgments, and (4) the trial did not err in refusing to continue the respective summary judgment hearings to continue discovery.

### A. Wharton County's affirmative defense.

■ Wharton County asserted governmental immunity and maintained that it had not waived its immunity under section 101.021 of the Texas Tort Claims Act. Section 101.021 provides:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

  (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor driven equipment; and

  (B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal

or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon Supp.1995). The plaintiffs relied on section 101.021(2), the use of "tangible personal property" section, arguing that the county's criminal records were tangible personal property which was misused or negligently used.

The record suggests that the summary judgment was apparently based solely upon the pleadings because, with respect to Wharton County's immunity defense, there is no evidence supporting the summary judgment: no affidavits, depositions, admissions, or stipulations are attached to the motion addressing sovereign immunity. We affirm the summary judgment against the appellants, however, because we find that, despite the absence of summary judgment proof, the appellants' pleadings do not state a legal claim or cause of action against Wharton County. *See Hidalgo v. Surety Savings and Loan Ass'n,* 462 S.W.2d 540, 543 n. 1 (Tex.1971). Appellants have not successfully pled a cause of action against Wharton County because appellants allege facts that, if proved, would establish the county's defense of sovereign immunity. Appellants' pleadings identify the appellee as a Texas county, and contend that the deaths in question were caused by the county's negligent use of, or failure to use its records containing information about the drunk drivers' records. They further claim that because these records are "tangible personal property," as described by the statute, their claims against the county are not barred by sovereign immunity. Wharton County correctly points out, however, that the records are definitively intangible.

■ The fact that information is recorded in writing does not render the information tangible property. *University of Texas Medical Branch at Galveston v. York,* 871 S.W.2d 175, 178–79 (Tex.1994); *see also Kassen v. Hatley,* 887 S.W.2d 4 (Tex.1994) (use, misuse, or nonuse of a patients medical records file or an emergency room procedures manual would not support a claim under the Texas Tort Claims Act); *Texas Dept. of Human Servs. v. Benson,* 893 S.W.2d 236 (Tex. App.—Austin 1995, writ denied) (waiver of liability involving use of tangible personal property does not include injuries resulting from misuse of information, even if that information is recorded in writing, since information recorded on paper is not tangible property); *Harrison v. Texas Board of Pardons and Paroles,* 895 S.W.2d 807 (Tex. App.—Texarkana 1995, writ denied) (where plaintiff claimed that Board should not have released prisoner who murdered the plaintiff's daughter, the court granted summary judgment for Board under § 101.021(2) since a compilation of intangible information contained on a document cannot be considered tangible property).

We likewise hold that because the criminal records held by Wharton County are not tangible property for purposes of the Texas Tort Claims Act, appellants have pled facts which negate their claims that Wharton County waived its immunity. We overrule appellants' complaints that the trial courts erred in granting summary judgment for Wharton County.

**B. Cline and Gaitan's affirmative defense.**

■ Cline and Gaitan asserted absolute prosecutorial immunity as an affirmative defense. In construing the doctrine of absolute immunity, Texas courts follow federal jurisprudence and apply the functional approach of *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). *Font v. Carr,* 867 S.W.2d 873, 877 (Tex.App.—Houston [1st Dist.] 1993, writ dism'd w.o.j.). Under this approach, government officials or actors have absolute immunity when the complained of activities were "intimately associated with the judicial phase of the criminal process." *Font,* 867 S.W.2d at 877 (*citing Imbler,* 424 U.S. at 430, 96 S.Ct. at 995). Further, the functional approach examines "the nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons,* 509 U.S. 259, 269, 113 S.Ct. 2606, 2613, 125 L.Ed.2d 209 (1993).

■ Appellants alleged that Cline was responsible for the deaths because, in his

capacity as county prosecutor, he chose not to prosecute the drunk drivers in question. The act of which the appellants complain—the decision not to prosecute—is the quintessential function of a prosecutor. *Bradt v. West,* 892 S.W.2d 56, 69–70 (Tex.App.—Houston [1st Dist.] 1994, writ denied). It is an act that is intimately associated with the judicial phase of the criminal process. *Id.* "The duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Imbler,* 424 U.S. at 431, n. 33, 96 S.Ct. at 995, n. 33. Those acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. *Buckley,* 509 U.S. at 271–72, 113 S.Ct. at 2615.

■ The fact that appellants accuse Cline of taking bribes in exchange for deciding not to prosecute does not destroy his immunity. Absolute immunity will shelter a prosecutor even should he act maliciously, wantonly, or negligently. *Imbler,* 424 U.S. at 416, 96 S.Ct. at 988 (prosecutor was absolutely immune for knowingly eliciting perjured testimony); *Rykers v. Alford,* 832 F.2d 895, 897 (5th Cir.1987); *Holloway v. Walker,* 765 F.2d 517, 522–23 (5th Cir.1985), *cert. denied,* 474 U.S. 1037, 106 S.Ct. 605, 88 L.Ed.2d 583 (1985); *see also Bradt,* 892 S.W.2d at 68. We therefore hold that Cline is absolutely immune from suit for those acts alleged by appellants and that the trial court did not err in granting summary judgment in his favor.

■ Gaitan also asserted absolute immunity and argued that, in the performance of his duties, he supplied information and consultation crucial in making decisions on whether to prosecute, and was intimately associated with the judicial phase of the criminal process including his assistance in preparing for the initiation of judicial proceedings or for trial. He further argued that appellants' pleadings and briefs on appeal can only be read to assert that, as an investigator, he is liable for having influenced Cline's choice of options in prosecuting the drunk drivers.

■ An investigator does not bring indictments or prosecute criminals, yet appellants would hold Gaitan, the county investigator, liable for failing to prosecute drunk drivers. "When the functions of prosecutors and detectives are the same, ... the immunity that protects them is also the same." *Buckley,* 509 U.S. at 276, 113 S.Ct. at 2617. Since appellants contend that both Cline and Gaitan played a role in deciding not to prosecute drunk drivers, both are entitled to the same level of immunity—absolute immunity.

## C. Application of "summary judgment rules and standards."

Appellants contend that the trial court misapplied the summary judgment rules and standards by (1) allowing appellees to rely on appellants' pleadings as summary judgment evidence, (2) not requiring appellees to file special exceptions, (3) granting summary judgment on motions that did not address all of appellants' causes of action, (4) misinterpreting summary judgment law. We address each point individually.

■ Appellants first complain that the trial courts erred by allowing appellees to base their summary judgment proof on appellants' pleadings rather than requiring them to submit special exceptions. Ordinarily, a summary judgment cannot be based solely upon the failure of a plaintiff to plead a cause of action unless the defendant levels a special exception to the deficiency, affording the plaintiff an opportunity to amend his pleading to state a cause of action. *See Texas Dept. of Corrections v. Herring,* 513 S.W.2d 6, 9 (Tex.1974). However, where the plaintiff pleads facts which affirmatively negate his cause of action, summary judgment on the pleadings is proper. *Perez v. Kirk & Carrigan,* 822 S.W.2d 261, 269 (Tex.App.—Corpus Christi 1991, writ denied). In this case, the appellees, in their respective motions for summary judgment, specifically stated that they were relying on the factual assertions in appellants' pleadings along with applicable laws, and that in that regard, pled facts which affirmatively negated any such cause of action.

■ Furthermore, after appellees filed their motions for summary judgment, appellants failed to replead or complain that they were not given an opportunity to replead. Thus, even if the trial court had erred, as appellants now contend, they waived any such error. *San Jacinto River Auth. v. Duke,* 783 S.W.2d 209 (Tex.1990) (failure to object or request additional time to amend pleading, on ground that summary judgment is attempt to circumvent special exceptions, waives any such alleged error); *Clear Creek Basin Auth.,* 589 S.W.2d at 678 (issues not expressly presented to the trial court by written motion and answer or other response shall not be considered on appeal as grounds for reversal).[3] Given their failure to preserve error, we overrule any complaints that the trial courts erred in failing to require appellants to replead or that appellees' summary judgment evidence was defective.

Appellants next complain that the trial courts erred because appellees' motions for summary judgment did not address all the causes of action alleged in appellants' petitions. Specifically, they argue that appellees failed to address (1) a civil conspiracy claim, (2) a bad faith claim, (3) a claim for equitable relief under the Texas constitution, (4) claims against Cline and Gaitan in their individual capacities, and (5) a claim for negligent implementation of a DWI policy.

■ Once absolute immunity is established, it will defeat all claims of all kinds against the individual who possesses it. *See, e.g., Bradt v. West,* 892 S.W.2d 56, 70 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *Boozier v. Hambrick,* 846 S.W.2d 593 (Tex. App.—Houston [1st Dist.] 1993, no writ). Also, both sovereign and absolute immunity are effective against all claims regardless of whether they are lodged against the individual possessing it in his official or personal capacity. *See Dear v. City of Irving,* 902 S.W.2d 731, 737 (Tex.App.—Austin 1995, writ requested); *Carpenter v. Barner,* 797 S.W.2d 99, 101 (Tex.App.—Waco 1990, writ denied); *Bagg v. University of Tex. Medical Branch,* 726 S.W.2d 582, 586 (Tex.App.—Houston

[14th Dist.] 1987, writ ref'd n.r.e.). Moreover, absolute immunity is effective against all causes of action, and all species of relief sought against an individual defendant, whether in damages or in equity. *Bradt,* 892 S.W.2d at 70. Appellants' complaints about unaddressed causes of action are unfounded and, accordingly, overruled.

The remainder of appellants' complaints are generally that the trial court failed to interpret the law in their favor. They argue, for example, that the trial court failed to require the defendants to conclusively establish their affirmative defenses, did not apply inferences in the light most favorable to them, and did not resolve doubts in their favor. These complaints concern the soundness of the courts' interpretations of the evidence rather than the courts' applications of summary judgment law. Since we have already determined that the appellees proved their affirmative defenses and that the trial courts properly granted summary judgment in their favor, we overrule appellants' points of error challenging the trial courts' application of summary judgment law and procedure.

### D. Motion denied to permit further discovery.

■ By their last point of error, appellants complain that the respective trial courts abused their discretion in denying motions to continue the summary judgment hearings to allow appellants time to conduct further discovery. Rule 166a(g) of the Texas Rules of Civil Procedure authorizes the trial court to grant a continuance of the hearing on a motion for summary judgment when a party presents affidavits showing "that he cannot for reasons stated present by affidavit facts essential to justify his opposition." TEX.R. CIV. PROC. 166a(g). In the county's motion for summary judgment in the Clawson suit, and again in the joint motion for summary judgment in the Chambers suit, appellees either accepted all of appellants' factual allegations as true or asked the court to take judicial notice of the facts as recited

---

3. The Chambers plaintiffs sought a continuance, but solely for purposes of discovery and not for time to include additional claims.

by appellants. Thus, any need for appellants to present facts by affidavit were unnecessary, and the trial courts did not err by denying continuances to seek more facts. As for the Cline–Gaitan motion in the Clawson suit, Cline and Gaitan argue that the trial court did not err since further discovery could not have raised a fact issue with respect to absolute immunity. A complaint against a trial court's refusal to continue a summary judgment hearing will only justify reversal if that action constitutes a clear abuse of discretion. *Levinthal v. Kelsey–Seybold Clinic,* 902 S.W.2d 508, 510 (Tex. App.—Houston [1st Dist.] 1994, no writ); *Wavell v. Roberts,* 818 S.W.2d 462, 466 (Tex. App.—Corpus Christi 1991, writ denied). In that regard, there is no error in refusing to continue a summary judgment hearing when the discovery sought is immaterial to the motion at issue. *Patrick v. Howard,* 904 S.W.2d 941, 946 (Tex.App.—Austin 1995, no writ) (affirming summary judgment despite plaintiffs' invocation of *Levinthal* where the requested discovery was immaterial to the issues presented by the motion). Absolute immunity requires only those facts set out in Clawson's petition and reiterated in the affidavits of Cline and Gaitan, namely, that they were employed as prosecutor and investigator for Wharton County, that they were acting in those capacities, and in those capacities failed to prosecute someone. Further discovery would not have raised a fact issue with respect to immunity. Therefore, we do not find that the trial courts abused their discretion by refusing further discovery. Appellants' final point of error is overruled.

## CONCLUSION

We are cognizant of the bereaved families' desire to seek justice following the senseless yet preventable death of their loved ones. Nevertheless, the trial courts properly granted summary judgment based on appellees' claims of immunity. Accordingly, we AFFIRM the trial courts' judgments.