Ibn Khedru Ankh aka Frederick Louis Pugh v. TDCJ, et al.
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-035-CV

     IBN KHEDRU ANKH A/K/A
     FREDERICK LOUIS PUGH,
                                                                         Appellant
     v.

     TEXAS DEPARTMENT OF
     CRIMINAL JUSTICE, ET AL.,
                                                                         Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 31,434
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      Appellant Pugh appeals pro se from an order granting summary judgment dismissing his
suit against Appellee Gina DeBottis. The order found that DeBottis had absolute prosecutorial
immunity from suit and liability.
      Appellant Pugh sued Appellee DeBottis and five others


 for compensatory and punitive
damages totaling $1,999,998. The trial court dismissed the case against all defendants except
Appellee DeBottis. There is no appeal from this order.
      Appellant Pugh is an inmate in the Hughes Unit, TDCJ-Institutional Division in Coryell
County. Appellee DeBottis is a Special Prosecutor with the TDCJ in Gatesville. Pugh
asserted claims against DeBottis under 42 U.S.C. §§ 1983 and 1985 based on alleged
violations of the 8th, 9th, 13th and 14th Amendments to the U.S. Constitution; and for
"selective" and "vindictive" prosecution in violation of Art. XVI §§ 33 and 40 of the Texas
Constitution; Art. IV § 22 of the Texas Constitution; Rule 3.09 of the Texas Disciplinary
Rules; and Section 41.102 of the Texas Government Code.
      Pugh thereafter filed a motion to dismiss his federal claims, which the trial court granted. 
DeBottis filed a motion for summary judgment which the trial court granted, dismissing all of
Pugh's state law claims.
      Appellant appeals on one point of error:
      [1]  "The trial court reversably erred in granting defendant DeBottis' motion for summary
judgment," and [2] "In finding that DeBottis has absolute prosecutorial immunity from
suit and liability."
      Pugh, an inmate was involved in an altercation with several correctional officers on
December 14, 1994. He sought to have an officer charged with assault. Investigation revealed
that Pugh had in fact assaulted two correctional officers, Timothy Eary and Montgomery
Sanders. Pugh was charged with retaliation against the officers. DeBottis handled the
prosecution. Pugh was indicted for retaliation of Officer Eary in May 1995. Pugh's trial
resulted in a hung jury. Ms. DeBottis did not seek to try Pugh again. In September 1996,
Pugh was indicated for retaliation against Officer Sanders. On May 3, 1998, DeBottis
voluntarily dismissed this indictment against Pugh because the applicable legal precedents
made it unclear whether the charge of "retaliation" could be maintained based on the conduct
alleged against him. Specifically, DeBottis decided to file a motion to dismiss the charge after
the Texas Court of Criminal Appeals upheld a reversal of a conviction of an inmate charged
with retaliation.



      A party is entitled to a summary judgment if there is no genuine issue as to any material
fact and if the party is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). The
movant must disprove at least one element of the plaintiff's causes of action, or must establish
all elements of an affirmative defense to the non-movant’s claims. American Tobacco Co. v.
Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Goston v. Hutchinson, 853 S.W.2d 729, 731
(Tex. App.—Houston 1993, no writ). Evidence favorable to the non-movant will be taken as
true and all reasonable inferences must be indulged in favor of the non-movant. Montgomery
v. Kennedy, 669 S.W.2d 309, 310 (Tex. 1984). Once a movant produces sufficient evidence
to establish the right to summary judgment, the non-movant must set forth sufficient evidence
to give rise to a fact issue to avoid summary judgment. Alanis v. Univ. of Texas, 843 S.W.2d
779, 784 (Tex. App.—Houston 1992, writ denied). Moore Burger Ins. V. Phillips Petroleum
Co., 492 S.W.2d 934, 936, 37 (Tex. 1972). If a defendant establishes an affirmative defense
that would bar suit as a matter of law, the plaintiff must present summary judgment proof that
raises a fact issue to at least one element of the affirmative defense. City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). Conclusory assertions by a non-movant are insufficient to raise a genuine issue of material fact. Anderson v. Snider, 808
S.W.2d 54, 55 (Tex. 1991).
      The trial court granted summary judgment based on absolute prosecutorial immunity. It is
undisputed that DeBottis was at all time a prosecutor with the Special Prison Unit of Texas,
which is charged with prosecuting crimes within TDCJ throughout Texas. As a prosecutor,
DeBottis is entitled to absolute prosecutorial immunity. This immunity provides an absolute
bar to the claims asserted by Pugh. Imbler v. Pachtman, 424 U.S. 409 (1976); Clawson v.
Wharton County, 941 S.W.2d 267, 271 (Tex. App.—Corpus Christi 1996, writ denied);
Brandt v. West, 892 S.W.2d 56, 70 (Tex. App.—Houston 1994, writ denied). A prosecutor
has absolute immunity for activities “intimately associated with the judicial phase of the
criminal process.” Clawson at 271; Imbler at 430. To allow a suit against prosecutors would
open the way for unlimited harassment and embarrassment of the most conscientious officials
by those who would profit thereby. Imbler at 423-24. The law of absolute immunity applies
to all acts flowing from the prosecutorial function even where a prosecutor acts in bad faith. 
Imbler at 430-31.
      Appellant argues that because the retaliation charges were dismissed against him, such
raises a real issue of fact as to whether DeBottis committed perjury before the grand jury. We
reject this argument, but even if Pugh’s allegations were true, the doctrine of absolute
prosecutorial immunity completely insulates DeBottis from liability. The fact that DeBottis
dismissed the second case against Pugh when the law became unclear demonstrates that she
was acting responsibly.
      Appellant further argues that DeBottis is not entitled to absolute immunity because she was
not a “duly constituted Assistant District Attorney for Coryell County” because her swearing
in as such was not properly recorded. The summary judgment proof is that she was sworn in
by District Judge Phillip Zeigler, and this was not rebutted. Moreover, the Special Prison Unit
gives specific authority for DeBottis to prosecute felony offenses committed by prisoners.
      Ms. DeBottis had total prosecutorial immunity from suit and liability. The trial court’s
granting of her motion for summary judgment was correct.
      Pugh’s point of error and all contentions made thereunder are overruled.
      The judgment is affirmed.



                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed April 19, 2000
Do not publish