

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

January 24, 2000

The Honorable Charles D. Penick          Opinion No. JC-0168
Bastrop County Criminal District Attorney
804 Pecan Street                         Re: Liability of a prosecutor with regard to the
Bastrop, Texas 78602                     collection of a hot check, and related questions
                                         (RQ-0088-JC)

Dear Mr. Penick:

You have asked this office whether your office is liable to a merchant for its failure to collect restitution for a bad check. We conclude that a civil case against your office alleging that the merchant was injured by your failure to prosecute such an action or your negligence in prosecuting it would be barred by the doctrine of prosecutorial immunity, which holds that a prosecutor is fully protected by absolute immunity from liability for any actions taken when performing the traditional functions of a prosecutor. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Clawson v. Wharton County*, 941 S.W.2d 267, 272 (Tex. App.–Corpus Christi 1996, writ denied). You further ask whether your office, whether liable or not to the merchant, may pay the merchant restitution from the hot check fund. We conclude that you may not, both because article 102.007 of the Code of Criminal Procedure does not permit such a use of the hot check fund and because article III, section 51 of the Texas Constitution does not permit you, absent a cognizable claim, to expend public money in this fashion.

As we understand it, a merchant brought to your office a bad check "in the amount of $500.+" for collection. *See* Letter from Honorable Charles D. Penick, Criminal District Attorney, Bastrop County, to Honorable John Cornyn, Attorney General, at 1 (July 21, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. The passer of the bad check was offered deferred prosecution, on condition that he "pay for the check, take a hot check seminar and pay $50.00 supervision to the probation department." *Id.* Because the probation department was to collect the restitution, your computer showed the defendant as owing nothing.

When the defendant failed to pay, he "was brought back into court and was placed on probation with an order to pay restitution on other outstanding checks . . . ." *Id.* The bad check at issue here, however, was not included in the order, because that amount, through clerical error, had not been reentered in your books. Only after the defendant had later been released from probation was this error recognized.

You ask, first, whether you are immune from any liability to the merchant in this instance on account of the doctrine of prosecutorial immunity. In the absence of a specific pleading, we are loath to predict whether such an action would be dismissed by a court of competent jurisdiction. However, in our view, should your office be sued for failing to prosecute or for negligence in the prosecution of an action to collect on a hot check, such a prosecution would be barred.

Prosecutors are absolutely immune from liability arising from their initiation or presentation of a case. *Imbler*, 424 U.S. at 427. Such absolute immunity encompasses a prosecutor's "activities intimately associated with the judicial phase of the criminal process." *Id.* at 430. "However, a prosecutor does not enjoy absolute immunity for acts of investigation or administration." *Hart v. O'Brien*, 127 F.3d 424, 439 (5th Cir. 1997) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1983)). "Even if a prosecutor fails to show absolute immunity for a given activity, he may still show qualified immunity." *Id.* "Generally speaking, qualified immunity protects government officials performing discretionary functions from civil liability under federal law unless their conduct violates a 'clearly established [federal] statutory or constitutional right[] of which a reasonable person would have known.'" *Id.* at 441.

Because the collection and processing of bad checks by your office is done in connection with criminal prosecutions pursuant to sections 31.03, 31.04, 32.41, or 32.21 of the Penal Code, such collection is in our view "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430; *see Clawson*, 941 S.W.2d at 272. Accordingly, a civil suit asserting failure to prosecute or negligence in prosecuting an action involving the collection of a bad check would be barred by prosecutorial immunity. Should such a suit, on the other hand, be couched in terms of an injury caused by an administrative error, in our view you would be at least entitled to qualified immunity. Given the facts as you present them, we do not believe the kind of good faith error you describe will subject you to liability.

You further ask whether, irrespective of liability, the district attorney may use funds in his hot check fund "to pay the merchant his restitution." Request Letter, *supra*, at 1. The hot check fund is governed by article 102.007 of the Code of Criminal Procedure, which provides in relevant part that expenditure from the fund "may be used only to defray the salaries and expenses of the prosecutor's office . . . ." TEX. CODE CRIM. PROC. ANN. art. 102.007(f) (Vernon Supp. 2000). Such a disbursement as you inquire about is neither a salary nor an expense of your office, and accordingly you may not use the fund for this purpose.

Further, unless the merchant had some cognizable claim against your office, any use of public moneys by your office to pay such restitution would violate article III, section 51 of the Texas Constitution, which forbids "the making of any grant of public moneys to any individual, association of individuals, municipal or other corporations whatsoever . . . ." TEX. CONST. art. III, § 51. The merchant is indisputably a private individual. Unless he has a right to recover money damages from your office, any payment by your office to him would be a gratuitous transfer of public funds, and as such impermissible under the terms of article III, section 51.

## S U M M A R Y

A civil action against a prosecutor alleging failure to prosecute or negligence in the prosecution of an action to collect on a bad check would be barred by the doctrine of prosecutorial immunity.

Payment by a prosecutor's office of restitution to a merchant for whom the prosecutor, in error, had failed to collect from the writer of a bad check is impermissible, both because the hot check fund statute does not permit it and because, absent a cognizable claim, such a payment would be an impermissible grant of public funds under article III, section 51 of the Texas Constitution.

Yours very truly,

JOHN CORNYN
Attorney General of Texas


ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee