Opinion filed March 8, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00134-CV

                                                    __________

 

                             TIMOTHY
W. BUCHANAN, Appellant

 

                                                             V.

 

                                 ERNIE
B. ARMSTRONG, Appellee



 

                                  On
Appeal from the 132nd District Court

 

                                                           Borden
County, Texas

 

                                                     Trial
Court Cause No. 1176-B

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            This
appeal arises from Timothy W. Buchanan’s pro se civil action filed against the district
judge of Borden County.  The trial court granted the district judge’s motion to
dismiss for lack of subject-matter jurisdiction.  We affirm.

            Appellant
is an inmate in the Institutional Division of the Texas Department of Criminal
Justice.  He is currently serving a sixty-year sentence for his conviction occurring
on November 1, 2000, for aggravated sexual assault of a child. 
Appellant’s conviction arose from Trial Court Cause No. 192 in the 132nd
District Court of Borden County.  This court affirmed his conviction in 2002 in
Cause No. 11-00-00368-CR.

            This
appeal concerns appellant’s indictment in Trial Court Cause No. 193.  The grand
jury indicted him for indecency with a child in Trial Court Cause No. 193. 
Appellant was never tried for the offense of indecency with a child in Trial
Court Cause No. 193 because the trial court granted the State’s motion to dismiss
Trial Court Cause No. 193 on October 29, 2007.  The State based the motion to
dismiss on the ground that “[t]he defendant was convicted in Cause Number 192
on the 1st day of November, 2000, and was sentenced to sixty years
in the Institutional Division of the Texas Department of Criminal Justice and a
$10,000.00 fine.” Despite the fact that Trial Court Cause No. 193 was dismissed
on the State’s motion after his conviction in the other case, appellant contends
that the district judge is liable to him under a tort theory of recovery
because the indictment stated the wrong term of court.  Appellant additionally
contends that the district judge is liable to him for damages because the
district attorney’s brother-in-law served on the grand jury.[1] 
Irrespective of his conviction and sixty-year sentence arising from Trial Court
Cause No. 192, appellant contends that he suffered damages as a result of the
allegedly defective indictment in Trial Court Cause No. 193 because “it could
be use [sic] against me.”

In a single issue, appellant contends that the trial court erred in
dismissing his claims.  As noted previously, the trial court granted the
district judge’s motion to dismiss for lack of subject-matter jurisdiction. 
The district judge based his motion to dismiss on a claim of absolute judicial
immunity from suit with regard to appellant’s claims against him.  

Subject-matter jurisdiction is essential for a court to have the authority to resolve
a case.  See Tex. Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638–39 (Tex. 1999).
 Whether the trial court has subject-matter jurisdiction is a question of law
that we review de novo.  Tex. Dep't of Parks & Wildlife v. Miranda,
133 S.W.3d 217, 226 (Tex. 2004); Tex. Natural Res. Conservation Comm’n v.
IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002).  The determination of whether a
trial court has subject-matter jurisdiction begins with the pleadings. Miranda,
133 S.W.3d at 226. The plaintiff has the burden to plead facts affirmatively
showing that the trial court has jurisdiction. Tex. Ass’n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  We construe the
pleadings liberally in favor of the pleader, look to the pleader’s intent, and
accept as true the factual allegations in the pleadings.  See Miranda,
133 S.W.3d at 226, 228; City of Fort Worth v. Crockett, 142 S.W.3d 550,
552 (Tex. App.—Fort Worth 2004, pet. denied).  A plea to the jurisdiction may be granted without allowing the plaintiff to amend the pleading if the pleading
affirmatively negates the existence of jurisdiction.  See County of Cameron
v. Brown, 80 S.W.3d 549, 555 (Tex. 2002).

A defendant properly raises absolute immunity in a plea to the jurisdiction.  See
Salazar v. Morales, 900 S.W.2d 929, 934 (Tex. App.—Austin 1995, no
writ) (affirming trial court’s granting of defendant’s plea to the jurisdiction
based on absolute immunity).  In this regard, immunity from suit deprives a
trial court of subject-matter jurisdiction. Reata Constr. Corp. v. City of
Dallas, 197 S.W.3d 371, 374 (Tex. 2006).  In construing the doctrine of
absolute immunity, Texas courts follow federal jurisprudence and apply the
functional approach.  Clawson v. Wharton County, 941 S.W.2d 267, 271
(Tex. App.—Corpus Christi 1996, writ denied).  Under this approach, government
officials or actors have absolute immunity when the complained-of activities
were intimately associated with the judicial phase of the criminal process.  Id.

A
judge acting in his or her official judicial capacity enjoys absolute immunity
from liability for judicial acts performed within the scope of jurisdiction.  Stump
v. Sparkman, 435 U.S. 349, 356–57 (1978); Davis v. Tarrant County, Tex.,
565 F.3d 214, 221 (5th Cir. 2009); Turner v. Pruitt, 342 S.W.2d 422, 423
(Tex. 1961).  “Judges enjoy absolute judicial immunity from liability for
judicial acts, no matter how erroneous the act or how evil the motive, unless
the act is performed in the clear absence of all jurisdiction.”  Alpert v.
Gerstner, 232 S.W.3d 117, 127 (Tex. App.—Houston [1st Dist.] 2006, pet.
denied) (quoting City of Houston v. W. Capital Fin. Servs. Corp., 961
S.W.2d 687, 689 (Tex. App.—Houston [1st Dist.] 1998, pet. dism’d w.o.j.)).  “A
judge will not be deprived of immunity because the action he took was in error,
was done maliciously, or was in excess of his authority; rather, he will be
subject to liability only when he has acted in the ‘clear absence of all
jurisdiction.’”  Stump, 435 U.S. at 356–57.

Appellant’s
claims against the district judge are directed exclusively at the judge’s
judicial functions.  Judicial immunity is absolute in this situation, and thus
no recovery against the district judge is possible.  Therefore, appellant’s
pleadings affirmatively negate jurisdiction over the claims against the
district judge.  The trial court did not err in granting the district judge’s
motion to dismiss for lack of subject-matter jurisdiction.  Appellant’s sole
issue is overruled.

             The
judgment of the trial court is affirmed.

 

                                                                                                PER
CURIAM

 

March 8, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









[1]Appellant has not cited any authority supporting his
contention that the district attorney’s brother-in-law was disqualified from
serving on the grand jury.  While a prosecutor that is personally involved in
presenting an indictment is subject to challenge, there is no statutory
authority precluding a relative of a prosecutor from grand jury service.  See
Tex. Code Crim. Proc. Ann. art.
19.31(2) (West 2005).