**Opinion filed March 8, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-11-00134-CV
_____

## TIMOTHY W. BUCHANAN, Appellant

## V.

## ERNIE B. ARMSTRONG, Appellee

**On Appeal from the 132nd District Court**

**Borden County, Texas**

**Trial Court Cause No. 1176-B**

## M E M O R A N D U M   O P I N I O N

This appeal arises from Timothy W. Buchanan's pro se civil action filed against the district judge of Borden County. The trial court granted the district judge's motion to dismiss for lack of subject-matter jurisdiction. We affirm.

Appellant is an inmate in the Institutional Division of the Texas Department of Criminal Justice. He is currently serving a sixty-year sentence for his conviction occurring on November 1, 2000, for aggravated sexual assault of a child. Appellant's conviction arose from

Trial Court Cause No. 192 in the 132nd District Court of Borden County. This court affirmed his conviction in 2002 in Cause No. 11-00-00368-CR.

This appeal concerns appellant's indictment in Trial Court Cause No. 193. The grand jury indicted him for indecency with a child in Trial Court Cause No. 193. Appellant was never tried for the offense of indecency with a child in Trial Court Cause No. 193 because the trial court granted the State's motion to dismiss Trial Court Cause No. 193 on October 29, 2007. The State based the motion to dismiss on the ground that "[t]he defendant was convicted in Cause Number 192 on the 1st day of November, 2000, and was sentenced to sixty years in the Institutional Division of the Texas Department of Criminal Justice and a $10,000.00 fine." Despite the fact that Trial Court Cause No. 193 was dismissed on the State's motion after his conviction in the other case, appellant contends that the district judge is liable to him under a tort theory of recovery because the indictment stated the wrong term of court. Appellant additionally contends that the district judge is liable to him for damages because the district attorney's brother-in-law served on the grand jury.[1] Irrespective of his conviction and sixty-year sentence arising from Trial Court Cause No. 192, appellant contends that he suffered damages as a result of the allegedly defective indictment in Trial Court Cause No. 193 because "it could be use [sic] against me."

In a single issue, appellant contends that the trial court erred in dismissing his claims. As noted previously, the trial court granted the district judge's motion to dismiss for lack of subject-matter jurisdiction. The district judge based his motion to dismiss on a claim of absolute judicial immunity from suit with regard to appellant's claims against him.

Subject-matter jurisdiction is essential for a court to have the authority to resolve a case. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638–39 (Tex. 1999). Whether the trial court has subject-matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). The determination of whether a trial court has subject-matter jurisdiction begins with the pleadings. *Miranda*, 133 S.W.3d at 226. The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction.

---

[1]Appellant has not cited any authority supporting his contention that the district attorney's brother-in-law was disqualified from serving on the grand jury. While a prosecutor that is personally involved in presenting an indictment is subject to challenge, there is no statutory authority precluding a relative of a prosecutor from grand jury service. *See* TEX. CODE CRIM. PROC. ANN. art. 19.31(2) (West 2005).

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228; *City of Fort Worth v. Crockett*, 142 S.W.3d 550, 552 (Tex. App.—Fort Worth 2004, pet. denied). A plea to the jurisdiction may be granted without allowing the plaintiff to amend the pleading if the pleading affirmatively negates the existence of jurisdiction. *See County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

A defendant properly raises absolute immunity in a plea to the jurisdiction. *See Salazar v. Morales*, 900 S.W.2d 929, 934 (Tex. App.—Austin 1995, no writ) (affirming trial court's granting of defendant's plea to the jurisdiction based on absolute immunity). In this regard, immunity from suit deprives a trial court of subject-matter jurisdiction. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). In construing the doctrine of absolute immunity, Texas courts follow federal jurisprudence and apply the functional approach. *Clawson v. Wharton County*, 941 S.W.2d 267, 271 (Tex. App.—Corpus Christi 1996, writ denied). Under this approach, government officials or actors have absolute immunity when the complained-of activities were intimately associated with the judicial phase of the criminal process. *Id.*

A judge acting in his or her official judicial capacity enjoys absolute immunity from liability for judicial acts performed within the scope of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Davis v. Tarrant County, Tex.*, 565 F.3d 214, 221 (5th Cir. 2009); *Turner v. Pruitt*, 342 S.W.2d 422, 423 (Tex. 1961). "Judges enjoy absolute judicial immunity from liability for judicial acts, no matter how erroneous the act or how evil the motive, unless the act is performed in the clear absence of all jurisdiction." *Alpert v. Gerstner*, 232 S.W.3d 117, 127 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (quoting *City of Houston v. W. Capital Fin. Servs. Corp.*, 961 S.W.2d 687, 689 (Tex. App.—Houston [1st Dist.] 1998, pet. dism'd w.o.j.)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356–57.

Appellant's claims against the district judge are directed exclusively at the judge's judicial functions. Judicial immunity is absolute in this situation, and thus no recovery against the district judge is possible. Therefore, appellant's pleadings affirmatively negate jurisdiction

over the claims against the district judge. The trial court did not err in granting the district judge's motion to dismiss for lack of subject-matter jurisdiction. Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.

PER CURIAM

March 8, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

4