**Opinion filed March 8, 2012**



## In The

# Eleuenth Court of Appeals

_____

### No. 11-11-00129-CV

_____

### TIMOTHY W. BUCHANAN, Appellant

### V.

### DANA COOLEY, Appellee

**On Appeal from the 132nd District Court**

**Borden County, Texas**

**Trial Court Cause No. 1176-A**

### M E M O R A N D U M   O P I N I O N

This appeal arises from Timothy W. Buchanan's pro se civil action filed against the district attorney of Borden County. The trial court granted the district attorney's motion for summary judgment. We affirm.

Appellant is an inmate in the Institutional Division of the Texas Department of Criminal Justice. He is currently serving a sixty-year sentence for his conviction occurring on November 1, 2000, for aggravated sexual assault of a child. Appellant's conviction arose from

Trial Court Cause No. 192 in the 132nd District Court of Borden County. This court affirmed his conviction in 2002 in Cause No. 11-00-00368-CR.

This appeal concerns appellant's indictment in Trial Court Cause No. 193. The grand jury indicted him for indecency with a child in Trial Court Cause No. 193. Appellant was never tried for the offense of indecency with a child in Trial Court Cause No. 193 because the trial court granted the State's motion to dismiss Trial Court Cause No. 193 on October 29, 2007. The State based the motion to dismiss on the ground that "[t]he defendant was convicted in Cause Number 192 on the 1st day of November, 2000, and was sentenced to sixty years in the Institutional Division of the Texas Department of Criminal Justice and a $10,000.00 fine." Despite the fact that Trial Court Cause No. 193 was dismissed on the State's motion after his conviction in the other case, appellant contends that the district attorney is liable to him under a tort theory of recovery because the indictment stated the wrong term of court. Appellant additionally contends that the district attorney is liable to him for damages because her brother-in-law served on the grand jury.[1] Irrespective of his conviction and sixty-year sentence arising from Trial Court Cause No. 192, appellant contends that he suffered damages as a result of the allegedly defective indictment in Trial Court Cause No. 193 because "it could be use [sic] against me."

In a single issue, appellant contends that the trial court erred in dismissing his claims by granting the district attorney's motion for summary judgment. The district attorney sought summary judgment on multiple grounds, including a claim of absolute immunity from suit with respect to appellant's claims. We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A trial court must grant a traditional motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991).

A jurisdictional plea may be asserted in a motion for summary judgment. *See Thomas v. Long*, 207 S.W.3d 334 (Tex. 2006). Subject-matter jurisdiction is essential for a court to have

---

[1]Appellant has not cited any authority supporting his contention that the district attorney's brother-in-law was disqualified from serving on the grand jury. While a prosecutor that is personally involved in presenting an indictment is subject to challenge, there is no statutory authority precluding a relative of a prosecutor from grand jury service. *See* TEX. CODE CRIM. PROC. ANN. art. 19.31(2) (West 2005).

the authority to resolve a case. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638–39 (Tex. 1999). Whether the trial court has subject-matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). The determination of whether a trial court has subject-matter jurisdiction begins with the pleadings. *Miranda*, 133 S.W.3d at 226. The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228; *City of Fort Worth v. Crockett*, 142 S.W.3d 550, 552 (Tex. App.—Fort Worth 2004, pet. denied). A plea to the jurisdiction may be granted without allowing the plaintiff to amend the pleading if the pleading affirmatively negates the existence of jurisdiction. *See County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

Immunity from suit deprives a trial court of subject-matter jurisdiction. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). In construing the doctrine of absolute immunity, Texas courts follow federal jurisprudence and apply the functional approach. *Clawson v. Wharton County*, 941 S.W.2d 267, 271 (Tex. App.—Corpus Christi 1996, writ denied). Under this approach, government officials or actors have absolute immunity when the complained-of activities were intimately associated with the judicial phase of the criminal process. *Id.*

Prosecutors enjoy absolute immunity in initiating prosecutions and presenting the State's case. *Bradt v. West*, 892 S.W.2d 56, 69–70 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *see Imbler v. Pachtman*, 424 U.S. 409 (1976); *Morrison v. City of Baton Rouge*, 761 F.2d 242, 246–48 (5th Cir. 1985). "In construing the doctrine of absolute immunity, Texas courts follow federal jurisprudence and apply the functional approach." *Clawson*, 941 S.W.2d at 271. Under this approach, government officials or actors have absolute immunity when the complained-of activities were intimately associated with the judicial phase of the criminal process. *Id.* "Those acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection." *Id.* at 272. "Absolute immunity will shelter a prosecutor even should he act maliciously, wantonly, or negligently." *Id.*

All of appellant's claims against the district attorney flow from her role in initiating prosecution against him. Even if appellant's allegations were true, the district attorney would be absolutely immune from liability. *See Clawson*, 941 S.W.2d at 272; *Bradt*, 892 S.W.2d at 69–70. Accordingly, the trial court did not err in granting summary judgment in favor of the district attorney based on absolute immunity.

Moreover, the trial court did not specify the grounds upon which it relied in its order granting summary judgment. Accordingly, we must affirm the trial court's order granting summary judgment if any of the summary judgment grounds are meritorious. *See Progressive County Mut. Ins. Co. v. Kelley*, 284 S.W.3d 805, 806 (Tex. 2009). Because the grounds for which the order was granted were not specified, appellant is required to defeat all grounds on which the motion was filed in order to prevail on appeal. *See Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). Given that appellant has failed to attack each independent ground listed in the district attorney's motion for summary judgment, he cannot prevail on appeal. Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.

PER CURIAM

March 8, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

4