Opinion filed March 8, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00058-CV

                                                    __________

 

                             TIMOTHY
W. BUCHANAN, Appellant

 

                                                             V.

 

                                       BRENT
MURPHY, Appellee



 

                                  On
Appeal from the 132nd District Court

                                                           Borden
County, Texas

                                                       Trial
Court Cause No. 1186

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            This
appeal arises from Timothy W. Buchanan’s pro se civil action filed against the
foreman of a Borden County grand jury that indicted him.  The trial court granted
the foreman’s motion to dismiss for lack of subject-matter jurisdiction.  We
affirm.

            Appellant
is an inmate in the Institutional Division of the Texas Department of Criminal
Justice.  He is currently serving a sixty-year sentence for his conviction occurring
on November 1, 2000, for aggravated sexual assault of a child. 
Appellant’s conviction arose from Trial Court Cause No. 192 in the 132nd
District Court of Borden County.  This court affirmed his conviction in 2002 in
Cause No. 11-00-00368-CR.

            This
appeal concerns appellant’s indictment in Trial Court Cause No. 193.  The grand
jury indicted him for indecency with a child in Trial Court Cause No. 193. 
Appellant was never tried for the offense of indecency with a child in Trial
Court Cause No. 193 because the trial court granted the State’s motion to dismiss
Trial Court Cause No. 193 on October 29, 2007.  The State based the motion to
dismiss on the ground that “[t]he defendant was convicted in Cause Number 192
on the 1st day of November, 2000, and was sentenced to sixty years
in the Institutional Division of the Texas Department of Criminal Justice and a
$10,000.00 fine.” Despite the fact that Trial Court Cause No. 193 was dismissed
on the State’s motion after his conviction in the other case, appellant contends
that the foreman of the grand jury is liable to him under a tort theory of
recovery because the foreman allegedly signed a false indictment because the
indictment stated the wrong term of court.  Appellant additionally contends
that the foreman is liable to him for damages because the brother-in-law of the
Borden County district attorney also served on the grand jury.[1] 
Irrespective of his conviction and sixty-year sentence arising from Trial Court
Cause No. 192, appellant contends that he suffered damages as a result of the
allegedly defective indictment in Trial Court Cause No. 193 because “it cause [sic]
me to be arrested as a petiphile [sic], and the arrest to be on my record for
the rest of my life.”

In a single issue, appellant contends that the trial court erred in
dismissing his claims.  As noted previously, the trial court granted the
foreman’s motion to dismiss for lack of subject-matter jurisdiction.  The
foreman based his motion to dismiss on a claim of absolute immunity from suit
with regard to appellant’s claims against him.  

Subject-matter jurisdiction is essential for a court to have the authority to resolve
a case.  See Tex. Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638–39 (Tex. 1999).
 Whether the trial court has subject-matter jurisdiction is a question of law
that we review de novo.  Tex. Dep't of Parks & Wildlife v. Miranda,
133 S.W.3d 217, 226 (Tex. 2004); Tex. Natural Res. Conservation Comm’n v.
IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002).  The determination of whether a
trial court has subject-matter jurisdiction begins with the pleadings.  Miranda,
133 S.W.3d at 226.  The plaintiff has the burden to plead facts affirmatively
showing that the trial court has jurisdiction. Tex. Ass’n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  We construe the
pleadings liberally in favor of the pleader, look to the pleader’s intent, and
accept as true the factual allegations in the pleadings.  See Miranda,
133 S.W.3d at 226, 228; City of Fort Worth v. Crockett, 142 S.W.3d 550,
552 (Tex. App.—Fort Worth 2004, pet. denied).  A plea to the jurisdiction may be granted without allowing the plaintiff to amend the pleading if the pleading
affirmatively negates the existence of jurisdiction.  See County of Cameron
v. Brown, 80 S.W.3d 549, 555 (Tex. 2002).

A defendant properly raises absolute immunity in a plea to the jurisdiction.  See
Salazar v. Morales, 900 S.W.2d 929, 934 (Tex. App.—Austin 1995, no
writ) (affirming trial court’s granting of defendant’s plea to the jurisdiction
based on absolute immunity).  In this regard, immunity from suit deprives a
trial court of subject-matter jurisdiction.  Reata Constr. Corp. v. City of
Dallas, 197 S.W.3d 371, 374 (Tex. 2006).  In construing the doctrine of
absolute immunity, Texas courts follow federal jurisprudence and apply the
functional approach.  Clawson v. Wharton County, 941 S.W.2d 267, 271
(Tex. App.—Corpus Christi 1996, writ denied).  Under this approach, government
officials or actors have absolute immunity when the complained-of activities
were intimately associated with the judicial phase of the criminal process.  Id.

            As a
grand juror, the foreman has absolute immunity from suit arising out of his
service as a grand juror.  Imbler v. Pachtman, 424 U.S. 409, 423 n.20
(1976); Walker v. Skeen, 31 F. App’x 155, 2001 WL 1748354, at *1 (5th
Cir. Dec. 12, 2001).  Absolute immunity is effective against all claims
regardless of whether they are lodged against the individual possessing it in
his official or personal capacity.  Clawson, 941 S.W.2d at 273.  The
absolute immunity possessed by the foreman exists even if the foreman acted
erroneously, maliciously, wantonly, or negligently.  See Stump v. Sparkman,
435 U.S. 349, 356–57 (1978).

All
of appellant’s claims against the foreman arise from his role as a grand juror
during the criminal proceedings.  Thus, appellant’s pleadings affirmatively
negate jurisdiction over the claims against the foreman.  The trial court did
not err in granting the foreman’s motion to dismiss for lack of subject-matter
jurisdiction.  Appellant’s sole issue is overruled.

             The
judgment of the trial court is affirmed.

            

March 8, 2012                                                                         PER
CURIAM

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









[1]Appellant has not cited any authority supporting his
contention that the district attorney’s brother-in-law was disqualified from
serving on the grand jury.  While a prosecutor that is personally involved in
presenting an indictment is subject to challenge, there is no statutory
authority precluding a relative of a prosecutor from grand jury service.  See
Tex. Code Crim. Proc. Ann. art.
19.31(2) (West 2005).