**Opinion filed March 8, 2012**



## In The

# Eleventh Court of Appeals

_____

### No. 11-11-00058-CV

_____

## TIMOTHY W. BUCHANAN, Appellant

## V.

## BRENT MURPHY, Appellee

**On Appeal from the 132nd District Court**
**Borden County, Texas**
**Trial Court Cause No. 1186**

### MEMORANDUM OPINION

This appeal arises from Timothy W. Buchanan's pro se civil action filed against the foreman of a Borden County grand jury that indicted him. The trial court granted the foreman's motion to dismiss for lack of subject-matter jurisdiction. We affirm.

Appellant is an inmate in the Institutional Division of the Texas Department of Criminal Justice. He is currently serving a sixty-year sentence for his conviction occurring on November 1, 2000, for aggravated sexual assault of a child. Appellant's conviction arose from Trial Court Cause No. 192 in the 132nd District Court of Borden County. This court affirmed his conviction in 2002 in Cause No. 11-00-00368-CR.

This appeal concerns appellant's indictment in Trial Court Cause No. 193. The grand jury indicted him for indecency with a child in Trial Court Cause No. 193. Appellant was never

tried for the offense of indecency with a child in Trial Court Cause No. 193 because the trial court granted the State's motion to dismiss Trial Court Cause No. 193 on October 29, 2007. The State based the motion to dismiss on the ground that "[t]he defendant was convicted in Cause Number 192 on the 1st day of November, 2000, and was sentenced to sixty years in the Institutional Division of the Texas Department of Criminal Justice and a $10,000.00 fine." Despite the fact that Trial Court Cause No. 193 was dismissed on the State's motion after his conviction in the other case, appellant contends that the foreman of the grand jury is liable to him under a tort theory of recovery because the foreman allegedly signed a false indictment because the indictment stated the wrong term of court. Appellant additionally contends that the foreman is liable to him for damages because the brother-in-law of the Borden County district attorney also served on the grand jury.[1] Irrespective of his conviction and sixty-year sentence arising from Trial Court Cause No. 192, appellant contends that he suffered damages as a result of the allegedly defective indictment in Trial Court Cause No. 193 because "it cause [sic] me to be arrested as a petiphile [sic], and the arrest to be on my record for the rest of my life."

In a single issue, appellant contends that the trial court erred in dismissing his claims. As noted previously, the trial court granted the foreman's motion to dismiss for lack of subject-matter jurisdiction. The foreman based his motion to dismiss on a claim of absolute immunity from suit with regard to appellant's claims against him.

Subject-matter jurisdiction is essential for a court to have the authority to resolve a case. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638–39 (Tex. 1999). Whether the trial court has subject-matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). The determination of whether a trial court has subject-matter jurisdiction begins with the pleadings. *Miranda*, 133 S.W.3d at 226. The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228; *City of Fort Worth v. Crockett*, 142 S.W.3d 550, 552 (Tex. App.—Fort Worth 2004, pet. denied). A plea to the

---

[1]Appellant has not cited any authority supporting his contention that the district attorney's brother-in-law was disqualified from serving on the grand jury. While a prosecutor that is personally involved in presenting an indictment is subject to challenge, there is no statutory authority precluding a relative of a prosecutor from grand jury service. *See* TEX. CODE CRIM. PROC. ANN. art. 19.31(2) (West 2005).

jurisdiction may be granted without allowing the plaintiff to amend the pleading if the pleading affirmatively negates the existence of jurisdiction. *See County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

A defendant properly raises absolute immunity in a plea to the jurisdiction. *See Salazar v. Morales*, 900 S.W.2d 929, 934 (Tex. App.—Austin 1995, no writ) (affirming trial court's granting of defendant's plea to the jurisdiction based on absolute immunity). In this regard, immunity from suit deprives a trial court of subject-matter jurisdiction. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). In construing the doctrine of absolute immunity, Texas courts follow federal jurisprudence and apply the functional approach. *Clawson v. Wharton County*, 941 S.W.2d 267, 271 (Tex. App.—Corpus Christi 1996, writ denied). Under this approach, government officials or actors have absolute immunity when the complained-of activities were intimately associated with the judicial phase of the criminal process. *Id.*

As a grand juror, the foreman has absolute immunity from suit arising out of his service as a grand juror. *Imbler v. Pachtman*, 424 U.S. 409, 423 n.20 (1976); *Walker v. Skeen*, 31 F. App'x 155, 2001 WL 1748354, at *1 (5th Cir. Dec. 12, 2001). Absolute immunity is effective against all claims regardless of whether they are lodged against the individual possessing it in his official or personal capacity. *Clawson*, 941 S.W.2d at 273. The absolute immunity possessed by the foreman exists even if the foreman acted erroneously, maliciously, wantonly, or negligently. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978).

All of appellant's claims against the foreman arise from his role as a grand juror during the criminal proceedings. Thus, appellant's pleadings affirmatively negate jurisdiction over the claims against the foreman. The trial court did not err in granting the foreman's motion to dismiss for lack of subject-matter jurisdiction. Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.


March 8, 2012                                                    PER CURIAM

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

3